IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CONTRELL PLUMMER, # B-14235,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )   Case No. 12-cv-908-MJR |
| | ) |
| **UNKNOWN 8 GALLERY OFFICER,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for case management. After screening Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A, this Court severed Plaintiff's unrelated claims against three of the Defendants, creating three new separate cases (Doc. 1). The instant case involves Plaintiff's claim against an Unknown Defendant identified only as "Unknown 8 Gallery Officer," for deliberate indifference to his serious medical needs, when this Defendant failed to summon medical attention for Plaintiff's asthma/breathing problems on September 7, 2010. Plaintiff was directed to notify the Court by September 14, 2012, if he did not wish to proceed with any of the severed cases, in order to avoid incurring an additional $350 filing fee in each new case. That deadline has now passed, and no communication of any kind has been received from Plaintiff. Therefore, the case shall remain open and Plaintiff must pay the filing fee. However, service cannot be ordered on the Unknown Party Defendant in this case until Plaintiff identifies this individual in a properly filed amended complaint.

Also before the Court is Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 3). Plaintiff submitted with his original complaint an affidavit stating that in the

year preceding July 23, 2011, he had no income other than occasional gifts from family and friends, and had no assets or cash on hand.  Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee.  Accordingly, Plaintiff's motion to proceed IFP in this case (Doc. 3) is **GRANTED**.

However, Plaintiff has not tendered an updated certified copy of his inmate trust fund account statement, to cover the six-month period immediately preceding the date this case was severed from Case No. 11-682-MJR.  The Clerk has requested the required statements from the Trust Fund Officer at Menard Correctional Center, for the period of February 1, 2012, through August 15, 2012.  Following the receipt of that information, an order shall issue for the payment of the initial partial filing fee as outlined in 28 U.S.C. § 1915(b)(1).  The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full.  The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Menard Correctional Center.

In order for this matter to proceed, Plaintiff is **ORDERED** to file a First Amended Complaint, identifying the Defendant Unknown 8 Gallery Officer by name, and including **ONLY** those allegations relevant to the claim against him for the September 7, 2010, incident.  The First Amended Complaint shall be filed within 45 days of the entry of this order (on or before November 13, 2012).  Failure to file an amended complaint may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638

n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own without reference to any prior pleading. In addition, Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 27, 2012**

        _s/ MICHAEL J. REAGAN_____
        United States District Judge