IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CONTRELL PLUMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-908-NJR-DGW |
| | ) | |
| ROBERY M. DILDAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Stay Proceedings (Doc. 117), the Motion for Extension of Time to Complete Discovery (Doc. 118), and the Motion for Recruitment of Counsel (Doc. 119), filed by Plaintiff, Contrell Plummer, on January 12, 2016. For the reasons set forth below, the Motions are **DENIED**.

### BACKGROUND

This matter was initially filed on August 15, 2012 for events that occurred in September 2010.[1] After being granted a number of extensions of time to file an amended complaint, Plaintiff filed the Amended Complaint on March 4, 2013 (Doc. 16). Temporary counsel was then appointed on April 2, 2013 to assist Plaintiff in identifying the John Doe Defendants named in the Amended Complaint (Doc. 17). After some discovery was conducted, and after significant delay by Plaintiff's appointed counsel, a Second Amended Complaint was filed on April 22, 2014 (Doc. 37). After service was accomplished, Defendants moved to dismiss on July 21, 2014 (Doc. 80). That motion (and others) were resolved and Plaintiff sought recruitment of counsel on September 17, 2014 (Doc. 84). That Motion was denied without prejudice and Plaintiff was directed to

---

[1] Plaintiff's original complaint was filed on August 10, 2011 and this matter was severed on August 15, 2012.

indicate what efforts he made to secure counsel without Court assistance in any future motion. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).[2]

A Scheduling Order was entered in this case on January 13, 2015 (Doc. 95). The Scheduling Order set forth an October 2, 2015 discovery deadline. Plaintiff sought two extensions of time: the first was denied because Plaintiff did not specify a deadline (Doc. 101) and the second was also denied because Plaintiff sought an extension on the issue of exhaustion of administrative remedies (which was not the subject of a motion filed by Defendants) (Doc. 105). Plaintiff has sought no other relief since the filing of the Scheduling Order, except the Motions currently before the Court.

Defendants filed a Motion for Summary Judgment on November 30, 2015 (Doc. 111). In their Motion and memorandum, they argue that there is no evidence that any of Defendants were deliberately indifferent to his medical needs or that they ignored his medical requests on or around September 7, 2010. On January 7, 2016, this Court informed Plaintiff of the consequences of failing to respond and set a response deadline of January 22, 2016 (Doc. 116). Plaintiff now seeks to conduct discovery, stay these proceedings, and recruitment of counsel.

## DISCUSSION

In his Motion for Recruitment of Counsel, Plaintiff states that the Court should "check docketing sheet" to determine which attorneys he contacted in an effort to secure representation without Court assistance. Plaintiff further indicates that he has some college education and that his incarceration, the fact that he is not a doctor, and he needs help with discovery, all warrant the appointment of counsel. Plaintiff has attached a brief to his motion that contains argument and

---

[2] This Court also noted that even though Plaintiff is suing multiple Defendants located at a different prison, the claims are not complicated and he filed a "detailed and well-reasoned brief."

relevant case law. It is well-written. He states that he has not been able to acquire discovery, has no ability to investigate the facts, cannot locate and interview another inmate who could be a witness, and that he requires significant documentary discovery. He further states that he has a serious medical/mental health condition (Plaintiff lists a variety of medications) and that this is a complicated case. Notably absent from the filing is any indication that Plaintiff has been diagnosed with a mental condition or that any of his medications (for asthma, diabetes, and minor ailments) affect his ability to think, write, or read. Plaintiff's filings demonstrate that he is able to seek relief and convey his requests in a rationale, straight-forward manner. Plaintiff has the apparent ability to research relevant case authority and to cite to such authority in order to support his claims.

While this matter does involve Plaintiff's medical records, an expert is not required to testify as to the claims in his case. Plaintiff is essentially alleging that various correctional officers ignored his requests for medical attention repeatedly on or around September 7, 2010. Such a claim does not require a medical expert to explain Plaintiff's medical condition (which can be readily ascertainable from the medical records).

Plaintiff claims that he has been unable to investigate the facts of this case. The Court finds such a statement disingenuous because Plaintiff has not indicated if he has taken any steps at all to conduct discovery, to discover the names of witnesses, or to otherwise acquire documentary evidence. There is no showing that Plaintiff has been thwarted in conducting discovery, that Defendants have failed to comply with the Scheduling Order in providing initial documents and materials, or that Plaintiff has a misunderstanding of what tools he has at his disposal to conduct discovery. Indeed, Plaintiff's grasp of case law and the Federal Rules demonstrates that he is capable of conducting discovery. The fact that Plaintiff is incarcerated, has no legal training, and

cannot afford depositions is also not unique to Plaintiff – an attorney will not be appointed simply to shift the cost of litigation. Plaintiff also does not appear to have a medical condition that would prevent him from litigating this matter. Counsel will not be appointed.

Plaintiff further seeks to stay this matter due to his medical condition and an Order reopening discovery. Plaintiff states that his asthma has worsened over the years, that he has developed emphysema, that he has abdominal and back pain, and an irritated throat. He further states that he has mental health issues (stress, sleep deprivation, depression, mental anguish, etc.). Plaintiff seeks the reopening of discovery and extensions of time to respond to the pending Motion for Summary Judgment.

As noted above, the discovery deadline in this case was October 2, 2015. Plaintiff had more than 10 months to conduct discovery. Now, 3 months after the deadline, Plaintiff states that he has not been able to conduct any discovery. There must be an end to this litigation and Plaintiff has neither shown good cause nor excusable neglect that would warrant reopening of discovery. *See* Fed.R.Civ.P. 6(b) and 16(b)(4). There is no indication in the motion what steps Plaintiff had taken to conduct even a minimal amount of discovery (by serving, for example, interrogatories and requests to produce). Pursuant to the Scheduling Order Plaintiff was given a list of potential witnesses, copies of his medical records, related grievances, and incident logs (if any) from which he could have sought additional information. There is no showing that Plaintiff has been prevented from conducting discovery for reasons other than his own medical/mental state. While Plaintiff may suffer from serious medical conditions, there is no evidence that his asthma would prevent him from litigating, that he in fact has emphysema (or that it would impact his ability to litigate), that he has been diagnosed with a significant mental condition, or that his body pain is debilitating.

Discovery will not be reopened in this matter. The Court finds that Plaintiff has made no effort to litigate this matter in the time permitted. Now, well past the deadlines in this matter, he requests the reopening of discovery even though he has not been hindered whatsoever in conducting discovery. This Court finds that Plaintiff is more than capable of prosecuting this matter, he just elected to not (meaningfully) pursue this matter. The fact that Plaintiff decided to not play an active role in this litigation is neither a justification for appointing counsel nor an excuse to reopen discovery.

Plaintiff's response to the Motion for Summary Judgment was due on January 22, 2016. The filing of the present motions did not stay that deadline.

## CONCLUSION

For the foregoing reasons, the Motion to Stay Proceedings (Doc. 117), the Motion for Extension of Time to Complete Discovery (Doc. 118), and the Motion for Recruitment of Counsel (Doc. 119), filed by Plaintiff, Contrell Plummer, on January 12, 2016 are **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 3, 2016**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**